IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN C. LONG, III,                  )
                                    )
            Plaintiff,              )
                                    )
     v.                             )    1:13CV659
                                    )
CAROLYN W. COLVIN,                  )
Acting Commissioner of Social       )
Security,                           )
                                    )
            Defendant.              )

**ORDER**

This matter is before this court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on March 24, 2015, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 16.) In the Recommendation, the Magistrate Judge recommends that the Commissioner's decision finding no disability be affirmed, that Plaintiff's motion for a judgment reversing or modifying the decision of the Commissioner or remanding for a rehearing (Doc. 12) be denied, that the Commissioner's motion for judgment on the pleadings (Doc. 14) be granted, and that this action be dismissed with prejudice. The Recommendation was served on the parties to this action on March 24, 2015 (Doc. 17), and counsel for Plaintiff filed timely objections (Doc. 18) to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation but will address Plaintiff's objections.

Plaintiff makes three objections to the Magistrate Judge's Recommendation: (1) the Recommendation wrongly held that the Administrative Law Judge ("ALJ") properly evaluated the credibility of Plaintiff's statements about pain; (2) the Recommendation erred in finding the ALJ conducted a proper analysis at step three of the sequential evaluation; and (3) the Recommendation erred in finding that the ALJ's failure to discuss, consider, and weigh the statement completed by Plaintiff's mother was harmless error. (Pl.'s Objections (Doc. 18).) This court will address each in turn.

First, this court finds that the ALJ properly evaluated the credibility of Plaintiff's statements about pain. Plaintiff cites a recent Fourth Circuit case to attack the "boilerplate" statement made by the ALJ in discounting Plaintiff's complaints of pain. (See id. at 2-3 (citing Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015)); see also Tr. at 28.) Plaintiff is correct that the Fourth Circuit criticized similar boilerplate language that "'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility.'" Mascio, 780 F.3d at 639 (quoting Bjornson v. Astrue, 671 F.3d 640, 645 (7th Cir. 2012)).

Although the language used by the ALJ suffers some of the similar defects as in Mascio, the ALJ in this case "properly analyzed [Plaintiff's] credibility elsewhere," something the Fourth Circuit recognized would render this "Bjornson error" harmless. See id. After using the "boilerplate" language, the ALJ identified medical evidence, objective observations of Plaintiff's treating medical providers, and Plaintiff's own previous admissions concerning his mild level of pain and what he was able to do to find that Plaintiff's statements about his pain were not credible. (See Tr. at 28-30.) Because the ALJ looked to other factors besides Plaintiff's Residual Functional

Capacity ("RFC") calculation in determining the credibility of Plaintiff's statements, this court finds that Mascio is not controlling in this case, and this court agrees with the Recommendation that the ALJ properly considered Plaintiff's statements concerning his pain.[1]

Furthermore, the RFC calculation that the ALJ developed has a basis in substantial evidence and was adequately explained. Plaintiff contends that the ALJ's departure from the suggestion of State agency medical consultants that Plaintiff could perform medium work,[2] to the finding that Plaintiff could only perform light work, demonstrates that the ALJ credited some of Plaintiff's statements but not others. (Pl.'s Objections (Doc. 18) at 5.) However, the ALJ said that she was giving Plaintiff "all reasonable benefit of the doubt in light of his history of

---

[1] Plaintiff picks one statement out of the ALJ's discussion of Plaintiff's credibility - namely, that a neurosurgeon "deemed [Plaintiff] a nonsurgical candidate for neck or back surgery" (Tr. at 29) - as showing the ALJ concluded that "unless an individual's impairment is subject to surgical intervention then their testimony as to their pain is not credible." (Pl.'s Objections (Doc. 18) at 4.) However, this is only one factor that the ALJ considered in determining that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible. (See Tr. at 29.) Therefore, this statement does not serve as a basis for reversing the decision of the Commissioner.

[2] This court agrees with and fully adopts the clarification provided in the Recommendation, concerning the exertional level suggested by the State agency medical consultants. (See Recommendation (Doc. 16) at 14 n.10.)

hernia surgery, and disc bulges and extrusions." (Tr. at 30.) This explanation, therefore, does not undercut the ALJ's RFC calculation or her finding as to Plaintiff's credibility. Moreover, this court notes that the ALJ's finding that "the medical evidence of record does not fully support [Plaintiff's] allegations" is supported by substantial evidence, (see Tr. at 29), and this court will not disturb this finding or re-weigh conflicting medical evidence. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).

Second, Plaintiff contends that the ALJ did not sufficiently examine other listings to determine if Plaintiff's impairment met or medically equaled a listed impairment, or that the ALJ at least did not fully explain her determination that Plaintiff did not meet or medically equal other listings, besides Listing 1.04. The Supreme Court has long held that a claimant "must present medical findings equal in severity to all the criteria for the one most similar listed impairment," Sullivan v. Zebley, 493 U.S. 521, 531 (1990), and as the Recommendation explains, the Fourth Circuit has provided that an "exhaustive point-by-point discussion" is not required to show that a claimant does not meet the criteria of other listed impairments. See Russell v. Chater, 60 F.3d 824 (4th Cir. 1995)

(per curiam).  The Recommendation conducts such a point-by-point discussion.  (See Recommendation (Doc. 16) at 15-19.)  To the extent Plaintiff argues he has met another listing by reciting different symptoms found in the record, (see Pl.'s Objections (Doc. 18) at 7-8), this court adopts the analysis in the Recommendation, which shows that the ALJ was able to conduct the sequential analysis properly without explaining why other listings do not apply.  Therefore, this court finds the ALJ's decision at step three is supported by substantial evidence and that the ALJ did not err when she omitted any discussion of other listed impairments, because Plaintiff had not demonstrated evidence of necessary criteria within those listings.

Third, Plaintiff contends that the ALJ did not consider the third-party function report completed by Plaintiff's mother and that this lack of consideration led to an erroneous RFC calculation.  (Pl.'s Objections (Doc. 18) at 9.)  This court has reviewed the record and finds it agrees both with the Recommendation, (see Recommendation (Doc. 16) at 20-24), and the analysis provided by a court in the Western District of North Carolina on the issue. See Blackwell v. Colvin, No. 1:14-CV-00085-MOC, 2014 WL 7339132, at *1 (W.D.N.C. Dec. 23, 2014).  The evidence within this statement was cumulative in nature and did

not require additional explanation within the ALJ's decision. See id. at *8.  Moreover, this court finds that the RFC calculation, with its exertional and non-exertional limitations, is supported by substantial evidence.  Therefore, this court will not disturb the ALJ's finding based on Plaintiff's argument.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 16) is **ADOPTED.**  **IT IS FURTHER ORDERED** that Plaintiff's motion for a judgment reversing or modifying the decision of the Commissioner or remanding the cause for a rehearing (Doc. 12) is **DENIED,** that Defendant's motion for judgment on the pleadings (Doc. 14) is **GRANTED,** that the Commissioner's decision is **AFFIRMED,** and that this action is dismissed with prejudice.  A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 14th day of April, 2015.

_____
                  United States District Judge